NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0295n.06
Filed: April 20, 2009

No. 08-5518

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| TIMOTHY GRADY BEACH | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: KENNEDY, GIBBONS, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Defendant Timothy Grady Beach pled guilty to the charge of being

a felon in possession of a firearm. At sentencing, the judge determined that Beach was an armed

career criminal and applied a statutory minimum sentence. Beach appeals the application of that

statutory minimum on the ground that the indictment did not charge the requisite prior offenses.

Because the precedent of the circuit and of the Supreme Court clearly establishes that prior felonies

need not be included in the indictment to form the basis of a minimum sentence for being an armed

career criminal, we affirm Beach's sentence.

Beach was indicted on January 31, 2007, for being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1), which establishes the elements of the offense, and 18 U.S.C. §

924, which sets the penalty. Section 924(a)(2) established a maximum penalty of ten years for a

violation of §922(g). However, §924(e)(1), known as the Armed Career Criminal Act (ACCA), establishes a mandatory fifteen-year minimum where the defendant has three previous qualifying felonies. At Beach's arraignment, the Government announced its intention to seek a mandatory minimum sentence under the ACCA. Beach entered an initial plea of not guilty.

Beach subsequently changed his plea to guilty. At the plea hearing, and in a petition to plead guilty filed the same day, Beach acknowledged that if he were found to be an armed career criminal he faced a minimum sentence of fifteen years. Beach nonetheless objected to being sentenced under the ACCA. He argued in a motion to the district court that the offense of being an armed career criminal carried the additional element of having three prior convictions for violent felonies or serious drug offenses. In his case, this recidivism element was not found by the grand jury or alleged in the indictment. These omissions, he argued, precluded the court from sentencing him as an armed career criminal. Beach acknowledged, however, that the current state of the law was against his position, citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

At the sentencing hearing, the court overruled Beach's objection and assigned a Sentencing Guidelines range based on Beach's status as an armed career criminal. Having declined to accept the guilty plea until after resolving the criminal-history issue, the court then accepted the plea. The court determined that the total offense level of 30 and criminal history category of IV resulted in a Guidelines range of 168-210 months. Applying the mandatory 15-year minimum, this range became 180-210 months. Beach's counsel noted that while the law was against Beach's position, Beach wished to preserve his objection to the enhancement in the event that the Supreme Court overturned

*Almendarez-Torres*.  After hearing evidence, the court sentenced Beach to 180 months in prison. Beach appeals.

The precedent of the Supreme Court and of this circuit makes clear that prior criminal convictions forming the basis of an ACCA enhancement are not elements that must be alleged in the indictment and admitted by the defendant.  The Supreme Court held in *Almendarez-Torres* that prior convictions affecting the ultimate sentence need not be treated as elements of the offense.  523 U.S. at 227-28, 239-46.  That holding confirmed the existing precedent of this circuit, which established that the government is not required to allege prior convictions in the indictment or prove them at trial before making them the basis of an ACCA enhancement.  *United States v. Brewer*, 853 F.2d 1319, 1332 (6th Cir. 1988).

Beach argues that Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004), and a concurrence in *Shepard v. United States*, 544 U.S. 13 (2005) (Thomas, J., concurring), call the vitality of *Brewer* and *Almendarez-Torres* into question.  To the contrary, the *Blakely* Court acknowledged that "the fact of prior conviction" is explicitly excepted from the rule of *Apprendi v. New Jersey*, which requires proof of all facts that increase the penalty beyond the statutory maximum.  *Blakely*, 442 U.S. at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  Indeed, the Supreme Court recently reaffirmed the applicability of *Almendarez-Torres* to cases such as this one.  *See James v. United States*, 550 U.S. 192, 127 S.Ct. 1586, 1600 n.8 (2007).  Moreover, precedent in this circuit decided after the cases which Beach cites establishes that prior convictions

leading to ACCA enhancements are not elements which must be charged and either proved or admitted. *See United States v. Martin*, 526 F.3d 926, 941-42 (6th Cir. 2008).

Because Beach's argument is foreclosed by precedent, his sentence is AFFIRMED.